extent which the judge admits to be consistent with the ordinary conduct of judicial business, with the public interest and with private rights.

2. INDICTMENT AND INFORMATION, § 62*—*when allowance of amendment to information is proper.* Where an information was amended by striking out the name of one party as defendant, whose name had been inserted by a clerical error on the part of the person who transcribed the information, and inserting the name of another and the proper party, *held* that there was no error in allowing such amendment.

· 3. RECEIVING STOLEN GOODS, § 11*—*when jury must make finding as to value of property.* In a prosecution by information, charging the defendant with unlawfully concealing or aiding to conceal the property of another of a certain value, knowing same to be stolen property, it is indispensable to a judgment that there be a finding as to the value of the property, as same is required under the statute in fixing the punishment.

---

### Edward Meisel, Defendant in Error, v. William Kalms, Plaintiff in Error.

#### Gen. No. 22,617.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

#### Statement of the Case.

Action by Edward Meisel, plaintiff, against William Kalms, defendant, based upon an architect's certificate for $350 for balance due under a building contract between plaintiff, contractor and defendant, owner of the building upon which the work under the contract was done. From a judgment, upon trial before the court, for the plaintiff for the amount of the certificate, defendant brings error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUELS & SAMUELS, for plaintiff in error.

EMIL A. MEYER, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

BUILDING AND CONSTRUCTION CONTRACTS, § 40*—*when owner may not retain money under contract to pay liens.* Where a building contract provided that the owner might retain out of any money due the contractor an amount sufficient to indemnify him against any lien or claim chargeable to the contractor for which, if established, the owner might be liable, and there was a subcontractor's lien filed but no suit was brought thereon, *held* in an action by the contractor against the owner for the balance due under the contract brought more than four months after the time final payment was due the subcontractor, and within which period a petition to enforce such lien should have been filed, that the subcontractor's lien filed constituted no defense to such action.

## The People of the State of Illinois, Defendant in Error, v. Arthur Meyers, Plaintiff in Error.

### Gen. No. 22,625.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Arthur Meyers, defendant, for violation by defendant of Rev. St. ch. 38, sec. 57a1 [Cal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.